CITIZENS STATE BANK of Selfridge, North Dakota, a corporation, Respondent, v. FRANK E. WINMILL, J. C. SWEENEY, and FIRST STATE BANK OF STANTON, a corporation at Stanton, North Dakota, Appellants.

(182 N. W. 457.)

**Chattel mortgages — lien first in time held prior to subsequent lein.**

The plaintiff sues to foreclose a chattel mortgage for $1500 and interest. Defendants answer that the mortgage has been fully paid and the Stanton Bank claims certain mortgage liens, which this Court holds to be superior to that of the plaintiff. As the pleadings and the evidence did not fairly present the question of payment, the trial court failed to consider it, leaving defendants to bring an action for an accounting. Hence, this court does not attempt to determine that question. It remands the case that the pleadings may be amended and the question of payment determined on further evidence and on amended pleadings.

Opinion filed March 22, 1921.

Appeal from the District Court of Mercer County; *Lembke*, Judge. Remanded.

*Thorstein Hyland*, for appellants.

It is not necessary to file certified copies in another state.

Wilson v. Rustad, (N. D.) 75 N. W. 260 and cases cited; Keenan v. Stenson, Minn., 20 N. W. 364 and cases cited.

The new note was not a payment of the instrument in absence of an agreement to that effect.

7 Cyc. and cases cited; Wirtz v. Wolter, 32 N. D. 364.

*Norton & Kelsch*, for respondent.

ROBINSON, Ch. J. On September 15th, 1917, at Selfridge, in Sioux County, North Dakota, Frank Winmill and J. C. Sweeney made to the plaintiff a promissory note for $1500, due November 15th, 1917, and to secure payment of the same made to the plaintiff a mortgage on twenty head of horses and mules. On September 28th, 1917 the same was filed in the office of the Register of Deeds of Sioux County. The plaintiff avers that only $160 has been paid on the note, and for the balance, $1340, it brings suit and demands a foreclosure judgment. For this $1340 Winmill and Sweeney gave a renewal note dated December 28th, 1918, due in six months. The bank did not give up the original note because it was not in its possession. Defendants, by answer, avers that the $1340 note has been fully paid and that the Stanton Bank has three unpaid mortgages which are a prior lien on the animals, and that the plaintiff had actual or constructive notice of the same. The trial court found in favor of the plaintiff and adjudged a foreclosure for $1340, and interest, and defendants appeal.

The case presents two questions: (1) Has the $1340 mortgage been paid? (2) Did the plaintiff take its mortgage with actual or constructive notice of the prior mortgages? On December 12, 1916 Frank Winmill made to the Bank of Stanton a promissory note for....................$500.00
On December 12, 1916 a note for...................................................... 266.00
On August 5, 1917 a note for............................................................ 400.00
The notes were secured by mortgages duly filed in the office of the Register of Deeds of Mercer County, where the mortgagor resided and

where the property was situated. As the mortgage to plaintiff was made on September 15th, 1917, the mortgages to the Bank of Stanton were prior in time and presumably prior in right. In July of 1917 the mortgagors left Mercer county with the horses and mules, to buy, sell and put up hay in Carson county, South Dakota, and the Bank of Stanton filed in Carson county a certified copy of its mortgages. On the way to Carson county they sojourned a short time in Sioux county and arranged with the plaintiff bank to advance them money to buy, sell and put up hay, agreeing to ship the hay to the plaintiff bank from Tuttle, South Dakota. So on December 28th, 1917 Winmill and Sweeney made the $1500 mortgage. It is on a printed form which reads thus: "All that certain personal property situated on ..........of Section..........Township..........Range ..........in Sioux county, North Dakota, now in my possession and owned by me and free from all incumbrances." The property is described thus: "20 head of horses and mules of all sizes, ages and descriptions, being all the horses and mules we own." But in truth, when the mortgage was made, the property was in Carson county, South Dakota, which is south of the state line. Such being the facts, this court holds that the liens of the Stanton Bank were prior in time and prior in right and superior to the liens of the plaintiff.

On the question of payments the pleadings and the evidence are very defective and unsatisfactory. While the answer avers that the $1500 mortgage is fully paid, it does not state the time, means or manner of payment, and the evidence of payment was left so unsatisfactory that the trial court declined to consider it holding that the remedy of the mortgagors was to bring an action for an accounting. However, it does appear that the plaintiff bank was a kind of partner with the mortgagors in the hay business and it loaned them the money to buy and put up hay and all the hay was put on the railway cars and bills of lading taken in the name of the plaintiff and delivered to it, and it received and sold all the hay. In some manner, either for cash or on time, the plaintiff has sold all the hay and received the proceeds and under the evidence it does seem that the plaintiff has been fully paid, if not overpaid. However, as the trial court did not pass on the question of payment, and as it is not fairly presented by the pleadings, this court will not attempt to determine it. The trial court should have directed the pleadings to be amended and should have determined the question of payment or counterclaim without giving the plaintiff the benefit of a judgment and execution and turning the de-

fendants over to another action for an accounting. When a party goes to trial in an action to foreclose a mortgage, then is the proper time for an accounting concerning the amount due on the mortgage.

The case is remanded for additional evidence on the question of payment, to be submitted under amended pleadings fairly presenting the question which the trial court must hear and determine.

Reversed and remanded for further proceedings in accordance with this opinion.

CHRISTIANSON, BRONSON and BIRDZELL, J J. concur.

GRACE, J. I concur in the result.